# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA BROCKMAN and WILLIE BROCKMAN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:25-cv-01603-H-DEB<br><br>**ORDER DIRECTING PLAINTIFF TO DISCLOSE SPECIAL DAMAGES** |

　　　　On May 15, 2025, Plaintiffs Gloria and Willie Brockman filed a complaint in the Superior Court of California, County of San Diego against Defendant Costco Wholesale Corporation ("Costco"). (Doc. No. 1-2, Compl.) On June 23, 2025, Costco removed the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal.) Plaintiffs' complaint asserts state-law claims for negligence, premises liability, and loss of consortium. (Compl. ¶¶ 10–21.) Plaintiffs' claims arise from an incident where Plaintiff Gloria Brockman was hit by a Costco employee in her flank with a shopping cart. (Compl. ¶ 7.) Plaintiffs seek, among other remedies, special damages, including medical expenses. (Id. at 5.) Plaintiffs served Defendant with an alternative dispute resolution package along with the complaint. (Doc. No. 1-3, Ex. A.) The alternative dispute resolution package contained a statement of damages, where Plaintiffs indicated they

sought $5,000,000 in several categories of special damages, including medical expenses to date. (Id. at 10.) On June 26, 2025, the Court ordered Defendant to show cause why the case should not be remanded to state court and provided Plaintiff an opportunity to respond. (Doc. No. 4.) As discussed in the order to show cause ("OSC"), the record as it stands does not contain enough information to satisfy the Court that the amount in controversy requirement to establish diversity jurisdiction under 28 U.S.C. § 1332 has been met. (Id.)

On July 21, 2025, Defendant filed their response to the Court's OSC. (Doc. No. 7.) In its response, Defendant stated that it has asked Plaintiffs for their medical bills incurred to date but that Plaintiffs have not provided them. (Id. at 3.) Defendant also stated that it met and conferred with Plaintiffs regarding damages and that, during the meet and confer, Plaintiffs would not stipulate that their damages were less than $75,000. (Id. at 2–3.) Finally, Defendant requested that the Court order Plaintiffs to disclose their special damages and to allow for additional briefing on the Court's OSC. (Id. at 6.) Plaintiffs did not file a response to the Court's OSC.

Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Laub v. U.S. Dept. of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). Because the Court cannot determine whether the amounts listed in Plaintiffs' statement of damages are a reasonable estimate, the Court requires a more satisfactory showing of the facts in order to determine if it has subject matter jurisdiction. Accordingly, the Court orders Plaintiff to disclose the special damages it has incurred to date to Defendant and to file the disclosure with the Court within **thirty (30) days** of the date of this order. The Court will determine if further briefing is necessary after reviewing Plaintiffs' special damages disclosure.

**IT IS SO ORDERED.**

DATED: August 1, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT